[No. 29518. Department One. February 19, 1945.]

ARTHUR R. TROTT, *Appellant*, v. ED GILBERT *et al.*, *Respondents*.[1]

*A. W. Dolphin*, for appellant.

*A. O. Colburn*, for respondents.

MILLARD, J.—This action was instituted by plaintiff to recover against defendants the value of certain equipment alleged to have been removed from a ranch in northern Idaho purchased by plaintiff from defendants for an agreed consideration of three thousand dollars. By answer, defendants admitted sale of the ranch for the consideration stated but denied inclusion in the transfer of any personal property, and by cross-complaint sought recovery against plaintiff of value of certain machinery, hay, wood, and

[1]Reported in 156 P. (2d) 234.

other personal property of the claimed value of $1,344 left on the ranch by defendants.

Trial of the cause to the court resulted in findings that plaintiff failed to sustain the burden of proving that certain farm implements, etc., were included in the sale of the ranch by defendants to plaintiff, and that cross-complainants sustained the burden of proof of conversion by plaintiff of fifteen tons of hay and thirteen cords of wood of the total value of $359. Judgment was entered dismissing plaintiff's cause of action and awarding defendants recovery on their cross-complaint in the amount of $359. Plaintiff appealed.

In December, 1943, appellant purchased from respondents a ranch in northern Idaho. Appellant testified that respondent husband informed appellant that he would accept three thousand dollars for the ranch and everything on the property except the furniture, livestock, and a box of personal tools; that the equipment in the form of machinery and the hay stored on the ranch was included in the sale of the real property. The deed executed covering the real property makes no mention of the personal property, nor was any bill of sale given for the machinery, etc. The full purchase price is not recited in the deed, to which revenue stamps representing a consideration of three thousand dollars were affixed. The testimony of appellant is corroborated in part by appellant's wife, father, and mother.

Respondents' version of the transaction sharply conflicts with appellant's recital. Gilbert testified that he informed Trott when they first met in April, 1943, that he would sell the ranch to the latter for the same price at which he had offered it to someone in California if that deal was not consummated. The consideration proposed in his transaction with the Californian was three thousand dollars for the ranch and five hundred dollars for the machinery and horses.

Gilbert returned to the Californian his down payment of fifteen hundred dollars, and in the latter part of November, 1943, appellant and Gilbert had a second meeting, at which nothing was said about the machinery and other personal

property. At a third meeting in December, 1943, Gilbert's offer to sell the machinery and horses on the ranch to Trott was rejected. · Gilbert also informed Trott that the hay stored in a barn on the ranch had been sold to a Mr. Branning. It fairly appears that, with knowledge and acquiescence of appellant, the articles claimed by appellant in his complaint were sold by respondents to a person who removed same from the ranch within two days after execution of the deed conveying the ranch to appellant.

The testimony of respondent husband is corroborated by one Branning. Gilbert's testimony respecting appellant's conversion of the wood left on the ranch and appellant's conversion of the hay stored in a barn on the ranch is corroborated by Branning and Gilbert's stepdaughter. It is admitted that appellant used the hay and wood.

Mr. Branning purchased the hay from respondents. He offered to trade with appellant his hay on the Gilbert place for the hay owned by appellant stored in a barn on another farm. The offer was rejected. Branning testified that appellant "wanted me to give him the hay in the Gilbert barn and go up about 40 or 50 miles and give him $16.00 a ton for the hay."

Whether respondents and the purchaser of the hay failed to remove the wood and hay from the ranch during the winter period of four months prior to commencement of this action because the roads were then in a bad condition, is not material; there is no evidence to sustain a contention that respondents and the purchaser intended to abandon their property.

 We have consistently adhered to the rule that the finding of the trial court upon conflicting oral evidence will not be disturbed where we are unable to say that the evidence preponderates against the finding. It follows that the judgment should be, and it is, affirmed.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.